UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY ALAN RISCHE,

    Plaintiff,

    v.

UNITED STATES,

    Defendant.

Case No. C16-339RSL

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the parties' respective motions for summary judgment. Dkt. ## 30, 31. This case arises from a dispute over whether plaintiff Jeffrey Alan Rische overpaid his federal income tax for the years 2013 and 2014. While the facts are undisputed, the parties disagree over the application of certain tax code provisions. Having reviewed the parties' memoranda, declarations, and exhibits, and the remainder of the record, the Court grants the government's motion and denies plaintiff's motion for the reasons that follow.

## I. BACKGROUND

In 2013 and 2014, plaintiff worked for Lightspeed Design, Inc. ("Lightspeed") as Vice President of Sales and Marketing. Dkt. # 30-1 at 7, 19. In 2013, Lightspeed paid plaintiff $74,627. Dkt. # 30-1 at 9, 19–20; Dkt. # 30-2 at 5. That year, Lightspeed withheld $10,076 in

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT - 1

federal income tax on plaintiff's behalf, along with $4,626 in social security tax and $1,082 in Medicare tax. Dkt. # 30-2 at 5. In 2014, Lightspeed paid plaintiff $113,712. Dkt. # 30-1 at 10, 19, 21; Dkt. # 30-2 at 8. That year, Lightspeed withheld $23,764 in federal income tax on plaintiff's behalf, along with $7,050 in social security tax and $1,648 in Medicare tax. Dkt. # 30-2 at 8. In 2013 and 2014, Lightspeed reported the above amounts on a Form W-2 Wage and Tax Statement, and those amounts are now reflected in IRS records. Dkt. # 30-2 at 5, 8.

In plaintiff's 2013 and 2014 tax returns, however, rather than declaring the annual income listed above as taxable income, plaintiff reported an income of $0. Dkt. # 30-1 at 33, 36. Based on this figure, in both 2013 and 2014, plaintiff claimed that his tax liability was $0. Dkt. # 30-1 at 33, 36. Because Lightspeed had withheld a certain amount of federal income tax, social security tax, and Medicare tax, plaintiff claimed that he had overpaid in both 2013 and 2014 and thus was entitled to a tax refund (of $15,785 in 2013 and $32,463 in 2014). Dkt. # 30-1 at 33, 36. It is uncontested that the government neither refunded the claimed overpayments to plaintiff, nor contested the returns by sending a notice of deficiency or executing a 26 U.S.C. § 6020(b) return. Dkt. # 17 at 6–7.

In March 2016, plaintiff filed this suit against the federal government,[1] seeking a refund of these alleged overpayments. Dkt. # 1. Both parties have now moved for summary judgment. Dkt. ## 31, 32. The government argues that, given the payments reported by Lightspeed in 2013 and 2014, plaintiff's net tax liability for those years exceeded the total amount withheld, and accordingly that plaintiff did not overpay his income tax. Plaintiff argues that under the definitions of the terms "wages," "trade or business," and "employee" in 26 U.S.C. §§ 3121, 3401, and 7701, his payments in 2013 and 2014 were not taxable income because they came from a private company in non-cash form. The government disagrees.

---

[1] Though plaintiff deliberately named the "United States" rather than the "United States of America" as a defendant in this case, the Court understands these titles both to denote the federal government.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT - 2

## II.  DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact which would preclude the entry of judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to designate specific facts showing that there is a genuine issue of material fact for trial. Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court will view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Mueller v. Auker, 576 F.3d 979, 991 (9th Cir. 2009).

**B.    Tax Refund Claim**

The question presented in a tax refund suit is "whether the taxpayer has overpaid his tax." Lewis v. Reynolds, 284 U.S. 281, 283 (1932); see also Sokolow v. United States, 169 F.3d 663, 665 (9th Cir. 1999). "[T]he taxpayer bears the burden of proving the amount he is entitled to recover." United States v. Janis, 428 U.S. 433, 440 (1976) (citing Lewis, 284 U.S. at 283). The Supreme Court defines "overpayment" as "any payment in excess of that which is properly due." Jones v. Liberty Glass Co., 332 U.S. 524, 531 (1947). Even where the government can no longer assess an individual's income tax for the years in question due to procedural bars (such as the statute of limitations, or the government's failure to issue a notice of deficiency or a 26

U.S.C. § 6020(b) return), the individual's tax liability must nonetheless be calculated to determine whether there was, in fact, an overpayment. See Lewis, 284 U.S. at 283 (recognizing that the government may "retain payments already received when they do not exceed the amount which *might have been* properly assessed and demanded" (emphasis added)). Thus, the Court must determine plaintiff's income tax liability for 2013 and 2014.

The parties agree that Lightspeed paid plaintiff $74,627 in 2013 and $113,712 in 2014. Dkt. # 30-1 at 9, 19–20; Dkt. # 30-2 at 5; Dkt. # 30-1 at 10, 19, 21; Dkt. # 30-2 at 8; Dkt. # 35 at 20. Based on these sums, the government calculates that in 2013 plaintiff had an income tax liability of $12,085, and that in 2014 plaintiff had an income tax liability of $22,173.11. Dkt. # 30 at 13; Dkt. # 30-3, ¶¶ 4–7. Based on the IRS records documenting Lightspeed's federal income tax withholding on plaintiff's behalf ($10,076 in 2013, Dkt. # 30-2 at 5, and $23,764 in 2014, Dkt. # 30-2 at 8), the government further calculates that plaintiff underpaid by $2,009 in 2013 and overpaid by $1,591 in 2014, for a net underpayment of $418. Dkt. # 30 at 18; 26 U.S.C. § 6402(a) (providing that overpayments may be credited against any liability on the part of the taxpayer).[2]

Plaintiff does not dispute the figures underlying the government's calculations, or the validity of the calculations themselves. Rather, plaintiff contends that the government cannot now dispute plaintiff's asserted overpayments after failing to contest them through statutory

---

[2] Plaintiff argues that, at the summary judgment stage, the Court should not credit the government's IRS records, showing plaintiff's income from Lightspeed in 2013 and 2014, over plaintiff's IRS Forms 4852, reporting taxable income of $0. Dkt. # 35. But finding that Lightspeed compensated plaintiff for his work does not require the Court to choose between these two records, as plaintiff has conceded that Lightspeed paid him $74,627 in 2013 and $113,712 in 2014. Dkt. # 30-1 at 9–10. That the parties' respective tax records *categorize* these payments differently does not create a genuine issue of fact regarding whether the payments were actually made in exchange for plaintiff's contributions to the company.

Plaintiff also argues that the declarations offered by the government are inadmissible. Dkt. # 35-1. The Court finds that the declarations are admissible under Fed. R. Civ. P. 56(c)(4).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT - 4

remedies upon receiving plaintiff's returns in 2013 and 2014. But here, where the government is defending against a refund claim rather than affirmatively seeking an assessment, the government's failure to contest plaintiff's returns does not prevent the Court from evaluating plaintiff's overall federal tax liability for the years in question to determine whether plaintiff overpaid. See Lewis, 284 U.S. at 283 (holding that the government may "retain payments already received when they do not exceed the amount which *might have been* properly assessed and demanded" (emphasis added)). The government's failure to rebut plaintiff's refund claims in his Forms 4852 does not mean that the factual and legal assertions in those forms become binding. Neither does that failure estop the government from contesting those assertions now.

On the merits of his overpayment claim, plaintiff argues that his payments from Lightspeed were not taxable income based on his reading of various definitions in the Internal Revenue Code. Specifically, plaintiff argues that his payments from Lightspeed were not compensation for employment in "trade or business" as that term is defined in 26 U.S.C. § 7701(a)(26). That subsection provides that "[t]he term 'trade or business' includes the performance of the functions of a public office," and plaintiff argues that this definition limits the meaning of "trade or business" to functions performed by a "public office" – that is, a government agency. Plaintiff also argues that the definition of "employee" in 26 U.S.C. § 3401(c) – which specifically "includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia" – excludes individuals who are employed by private companies.

But as the government points out, the definitions at 26 U.S.C. §§ 3121 and 3401 govern an employer's responsibility to withhold taxes from payments to an employee – *not* an individual's responsibility to pay taxes on the income he receives. Thus, even if the Court were

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT - 5

persuaded by plaintiff's statutory interpretation,[3] those interpretations would not affect the calculation of plaintiff's income tax liability.

The Court concludes that the payments plaintiff received from Lightspeed in 2013 and 2014 constitute taxable income. Plaintiff concedes that he performed various tasks for Lightspeed, including "contacting potential clients, preparing sales quotes, negotiating sales, developing new product strategies, creating marketing materials, and attending trade shows." Dkt. # 30-1 at 7. Plaintiff further concedes that he was "paid for [his] time at Lightspeed in 2013 and 2014." Dkt. # 35-2, ¶ 4. Those payments thus constituted "compensation for services," which in turn constitutes "gross income" under 26 U.S.C. § 61(a)(1). After subtracting any applicable deductions, this "gross income" is "taxable income" under 26 U.S.C. § 63(a). As noted above, the parties do not contest the sums that plaintiff received from Lightspeed. Accordingly, the Court accepts the government's calculations of plaintiff's income tax liability for 2013 and 2014 and concludes that plaintiff did not overpay his taxes for those years.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment (Dkt. # 31) and GRANTS the government's motion for summary judgment (Dkt. # 30). The Clerk of the Court is directed to enter judgment against plaintiff and in favor of defendant.

DATED this 19th day of May, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[3] Because the statutory provisions do not affect the Court's analysis, the Court expresses no view on the merits of plaintiff's interpretive arguments.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT - 6